UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TYMELL MILES-BAKER,

                Plaintiff,

-against-

NATWEST GROUP PLC,

                Defendant.

1:22-CV-9250 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Eric Tymell Miles-Baker, of New York, New York, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction. He sues NatWest Group PLC, of Edinburgh, Scotland, in the United Kingdom.[1] Plaintiff asks the Court to "facilitate correspondence with the defendant . . . and act in good character and faith in [Plaintiff's] journey to procure [his] inheritance." (ECF 1, at 6.)

    By order dated November 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action, but grants Plaintiff leave to replead his claims in an amended complaint.

### STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. By order dated October 20, 2022, that court transferred this action to this court. *Miles-Baker v. NatWest Group PLC*, 22-CV-4959 (E.D.N.Y. Oct. 20, 2022).

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that he is a citizen of New York, and that Defendant NatWest Group PLC, which appears to be a British public limited company, has been incorporated under the laws of the United Kingdom, and has its principal place of business in Edinburgh, Scotland, in the United Kingdom. Plaintiff alleges that:

> [a] few notables have contacted [him] by means of interrogation, asserting that [his] inheritance was unsecured. [He asks the Court to] offer guidance on securing [his] inheritance, and in addition, by means of "jus sanguinis," [he also] asks that a passport be issued and that assets be transferred in [his] name and secured in the United Kingdom. [He further] ask[s] that all correspondence about this matter be sent by affidavit and processed either through the courts, or sent directly to [his] email [address].

(ECF 1, at 5.)

Plaintiff includes with his complaint a copy of what he asserts is his family's coat of arms, as well as a copy of a document generated by the website "ancestry.com" that purports to list Plaintiff's ancestors, including his fiftieth great-grandfather, who died in the year 610. He also attaches a copy of a document in which he purports to have changed his name from "Eric Tymell Baker" to "Eric Tymell Miles-Baker."

## DISCUSSION

A.   **Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when, among other circumstances, the plaintiff is a citizen of an American State, the defendant is a citizen of another American State or a citizen or subject of a foreign country, and the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. §§ 1331, 1332(a)(2). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different American States; a party may alternatively be a citizen or subject of a foreign country, so long as he or she is not lawfully admitted for permanent residence in the United States and domiciled in the same American State where the opposing party is a citizen. *See* 28 U.S.C. § 1332(a)(2); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity jurisdiction purposes, an individual is considered to be a citizen of the American State where he or she is domiciled, which is defined as the American State where

he or she "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every [American] State and foreign state by which it has been incorporated and of the [American] State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, for diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that his or her claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted); *see Hodel v. Irving*, 481 U.S. 704, 711 (1987) ("[T]he existence of a case or controversy is a jurisdictional prerequisite to a federal court's deliberations."). "The basic inquiry [to determine whether there is a case or controversy] is whether the 'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citation omitted). A litigant's request for legal advice from the court, however, does not present a case or controversy. *See Windstream Servs., LLC v. BMG Rights Mgm't (US) LLC*, No. 16-CV-5015, 2017 WL 1386357, at *9 (S.D.N.Y. Apr. 17, 2017) ("It would be very nice to be able to ask federal judges for legal advice – if I do thus and so, will I be subject to being sued and if I am

4

sued am I likely to lose and have to pay money or even [be] clapped in jail? But that would be advisory jurisdiction, which, . . . [is] inconsistent with Article III's limitation of federal jurisdiction to actual disputes. . . ." (quoting *Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 498-99 (7th Cir. 2014)) (second alteration in original)), *appeal dismissed*, No. 17-1515, 2017 WL 5329346 (2d Cir. Sept. 25, 2017).

Furthermore, under the probate exception to a district court's subject matter jurisdiction, a district court lacks subject matter jurisdiction to: (1) administer an estate, probate a will, or do any other purely probate matter, or (2) "'reach a res [(thing)] in the custody of a state court.'" *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d Cir. 2007) (quoting *Marshall v. Marshall*, 547 U.S. 293, 312 (2006)). In addition, the Secretary of State, not the federal courts, has the authority to issue passports. *See* 22 U.S.C. § 211a.

Plaintiff alleges that he is a citizen of the State of New York and that Defendant NatWest Group PLC, which appears to be a British public limited company, has been incorporated under the laws of the United Kingdom, and has its principal place of business in Edinburgh, Scotland, in the United Kingdom. The Court will therefore assume, for the purpose of this order, that Defendant NatWest Group PLC is a citizen of the United Kingdom, and that the parties are diverse.

Plaintiff seeks legal advice from the Court, asks the Court to issue him a passport, and requests that the Court order the transfer of assets to him without presenting facts showing a case or controversy among the parties. Plaintiff has therefore not offered a case or controversy for this Court to resolve. Furthermore, Plaintiff has not alleged any facts showing that his claims for relief satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. Accordingly, the Court lacks diversity jurisdiction to consider this action, and

it therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims in an amended complaint in which he alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action; Plaintiff should include any reason why this action presents a case or controversy that a federal court is permitted to resolve, and why the probate exception to a federal court's subject matter jurisdiction does not preclude this Court from considering this action.

**B.     Venue**

Plaintiff has also not alleged any facts showing why this court is a proper venue for this action. Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the [American] State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, § 1391(c)(1), and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," § 1391(c)(2). With respect to a defendant that is a corporation:

> in a[n] [American] State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that [American] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate [American] State, and, if there

is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

In addition, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tx.*, 571 U.S. 49, 58 (2013) ("[A] district cannot be "wrong" if it is one in which the case could have been brought under § 1391.")

Plaintiff alleges nothing to suggest that Defendant NatWest Group PLC resides within this judicial district, that any of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district, that any property at issue is located within this judicial district, or that Defendant NatWest Group PLC is subject to the court's personal jurisdiction with respect to this action. The Court therefore additionally dismisses this action as pending in the wrong venue. *See* § 1406(a). The Court, however, grants Plaintiff leave to file an amended complaint to allege facts showing why this Court is a proper venue for this action.

**C.     Leave to amend**

The Court grants Plaintiffs leave to file an amended complaint that complies with the standards set forth above. Plaintiff must provide specific facts about his claims. In the "Statement of Claim" section of his amended complaint, he must provide a short and plain statement of the relevant facts supporting each claim against the defendant. If Plaintiff has an address for the defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

7

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured him; how, when, and where such injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because it is pending in the wrong venue, *see* 28 U.S.C. § 1406(a). The Court, however, grants Plaintiff 30 days' leave to file an amended complaint in which he alleges facts sufficient to show that the Court has diversity jurisdiction to consider this action and that this action is pending in the proper venue. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will enter judgment dismissing this action for the reasons set forth in this order.[2]

---

[2] The Court notes that it has previously warned Plaintiff "that further meritless litigation in this Court may result in an order barring him from filing new actions IFP [in this court] without prior leave of court." *Baker v. Lewis-Ashley*, ECF 1:22-CV-4971, 5 (S.D.N.Y. July 26, 2022); *see Baker v. GVS Props. d/b/a Alma Realty Corp.*, ECF 1:22-CV-3745, 9 (S.D.N.Y. Aug. 22, 2022) (warning reiterated); *see also Baker v. Netspend Corp.*, ECF 1:22-CV-7219, 4 (S.D.N.Y. Oct. 24, 2022) ("The next time Plaintiff files a complaint that is frivolous, duplicative, or fails to state a claim, he well be ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint."). The Court also notes that it has recently directed Plaintiff to show cause

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 9, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

why the Court should not bar him from filing any future civil action in this court IFP without the court's leave to file. *Baker v. Pestana Park Avenue*, ECF 1:22-CV-9253, 7 (S.D.N.Y. Dec. 5, 2022).